# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Fredrick Scott Pfeiffer, Respondent.

Appellate Case No. 2016-002456

Opinion No. 27703
Submitted January 12, 2017 – Filed February 15, 2017

### DISBARRED

Lesley M. Coggiola, Disciplinary Counsel, and Barbara
M. Seymour, Deputy Disciplinary Counsel, both of
Columbia, for Office of Disciplinary Counsel.

Fredrick Scott Pfeiffer, of Greenville, *pro se*.

**PER CURIAM:**   In this attorney disciplinary matter, the Office of Disciplinary
Counsel (ODC) and respondent have entered into an Agreement for Discipline by
Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary
Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court
Rules (SCACR).  In the Agreement, respondent admits misconduct and consents to
disbarment.  He requests that disbarment be imposed retroactively to June 15,
2012, the date of his interim suspension. *In the Matter of Pfeiffer*, 398 S.C. 591,
730 S.E.2d 855 (2012).  Respondent further agrees to pay the costs incurred by
ODC and the Commission on Lawyer Conduct (the Commission) in the
investigation and prosecution of this matter within thirty (30) days of the
imposition of discipline.  We accept the Agreement and disbar respondent from the
practice of law in this state, retroactive to the date of his interim suspension, and
order that he pay the costs incurred in the investigation and prosecution of this

matter within thirty (30) days of the date of this opinion.[1]  The facts, as set forth in the Agreement, are as follows.

## Facts

In the late 1990s, Arthur M. Field approached business partners with the idea of forming a business to raise money from investors in South Carolina to send to an out-of-state parent company to use for relending and real estate development.  Mr. Field and his partners created a parent company, Lancaster Resources Incorporated (LRI), in New Jersey and its subsidiary, Capital Investment Funding, LLC (CIF), in South Carolina for this purpose.  CIF was primarily managed by Mr. Field.  CIF collected millions of dollars from South Carolina investors and then lent that money to LRI, which in turn re-lent that money to out-of-state borrowers.

In 1998 or 1999, respondent met Mr. Field in a social setting.  Subsequently, respondent began to represent CIF as a client.

In 2002, respondent and Mr. Field formed a company, Cosimo, LLC (Cosimo), for the purpose of re-lending money from CIF.  The plan was as follows:  Cosimo would enter into a loan agreement with a borrower agreeing to lend money to the borrower in return for a note and mortgage on real property; Cosimo would then enter into a loan agreement with CIF where CIF agreed to loan Cosimo the same amount for use in making the loan to the borrower; CIF would make the loan to Cosimo simultaneously with Cosimo making the loan to the borrower, and CIF would receive a note from Cosimo along with a conditional assignment of the note and mortgage from Cosimo to the borrower.

Respondent and Mr. Field were co-managers of Cosimo.  During this time, respondent (or entities in which he had an ownership interest) had 50% ownership interest in Cosimo.  In addition, respondent served as legal counsel for Cosimo.  Respondent provided legal services to Cosimo in exchange for his 50% ownership interest in the company.  Respondent's legal fees were therefore tied to the value and profitability of the company, making his fee contingent on the success of Cosimo's operations.

---

[1] In addition, the Court grants ODC's Motion to Dismiss the allegations concerning "the Loprieno Complaint" in the Amended Formal Charges.

For several years, respondent and Mr. Field perpetuated a scheme involving misrepresentations to investors, Mr. Field's business partners, and South Carolina state agencies. The details of that scheme are set forth in a 2012 South Carolina State Grand Jury indictment charging respondent and Mr. Field with conspiracy, securities fraud, and forgery.

On September 18, 2013, respondent pled guilty to two counts of securities fraud and one count of conspiracy in connection with his dealings with Mr. Field, CIF, Cosimo, and various other entities. Respondent was sentenced to ten years in prison, suspended to six years with the last two years of the sentence to be served on house arrest, followed by five years of probation.

## Law

Respondent admits that by his conduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.2(d) (lawyer shall not counsel client to engage, or assist client, in conduct that lawyer knows is criminal or fraudulent); Rule 1.7 (lawyer shall not represent client if representation involves concurrent conflict of interest; concurrent conflict of interest exists if there is significant risk that representation of client will be materially limited by lawyer's personal interest); Rule 1.8(a) (lawyer shall not enter into business transaction with client or knowingly acquire an ownership or other pecuniary interest adverse to client unless: transaction and terms on which lawyer acquires interest are fair and reasonable to client and are fully disclosed and transmitted in writing in manner that can be reasonably understood by client; client is advised in writing of desirability of seeking and is given reasonable opportunity to seek advice of independent legal counsel on transaction; and client gives informed consent, in writing signed by client, to essential terms of transaction and lawyer's role in transaction, including whether lawyer is representing client in transaction); Rule 1.13(b) (if lawyer for organization knows that officer or other person associated with organization is engaged in action that is violation of law which reasonably might be imputed to organization and likely to result in substantial injury to organization, lawyer shall proceed as is reasonably necessary in best interest of organization); Rule 2.1 (in representing client, lawyer shall exercise independent professional judgment and render candid advice; in rendering advice, lawyer may refer not only to law but to other considerations such as moral, economic, social factors, relevant to client's situation); Rule 4.1(a) (in course of representing client, lawyer shall not knowingly make false statement of material fact or law to third person); Rule 4.1(b) (in course of representing client, lawyer

shall not knowingly fail to disclose material fact when disclosure is necessary to avoid assisting criminal or fraudulent act by client); Rule 8.4(b) (it is professional misconduct for lawyer to commit criminal act that reflects adversely on lawyer's honesty, trustworthiness or fitness as lawyer in other respects); Rule 8.4(c) (it is professional misconduct for lawyer to commit criminal act involving moral turpitude); Rule 8.4(d) (it is professional misconduct for lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation); and Rule 8.4(e) (it is professional misconduct for lawyer to engage in conduct prejudicial to administration of justice).

Respondent also admits he has violated the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR:  Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct); Rule 7 (a)(4) (it shall be ground for discipline for lawyer to be convicted of crime of moral turpitude or serious crime); Rule 7(a)(5) (it shall be ground for discipline for lawyer to engage in conduct tending to pollute administration of justice or bring courts or legal profession into disrepute or conduct demonstrating unfitness to practice law); and Rule 7(a)(6) (it shall be ground for discipline for lawyer to violate oath of office taken to practice law in this state).

## Conclusion

We accept the Agreement for Discipline by Consent and disbar respondent from the practice of law in this state, retroactive to June 15, 2012, the date of his interim suspension.  Within thirty (30) days of the date of this opinion, respondent shall pay the costs incurred by ODC and the Commission in the investigation and prosecution of this matter.  Within fifteen (15) days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of Rule 413, SCACR, and shall also surrender his Certificate of Admission to the Practice of Law to the Clerk of Court.

**DISBARRED.**

**BEATTY, C.J., KITTREDGE and HEARN, JJ., concur.   FEW, J., not participating.**